OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the application pursuant to Domestic Relations Law § 244 for a judgment for arrears in alimony should be dismissed.
Domestic Relations Law § 244 provides that upon "default in paying any sum of money as required by the judgment or order directing payment thereof, the court shall make an order directing the entry of judgment for the amount of such arrears”. Here, in the language of the approved forms for matrimonial judgments set forth in the Second Department rule (22 NYCRR 699.9 [b] [1] [J13]), the judgment referred to the separation agreement entered into by the parties, and retained jurisdiction for the purpose of specifically enforcing the agreement or of "making such further decree with respect to alimony * * * as it finds appropriate under the circumstances existing at the time application for that purpose is made to it”. As is stated in 22 NYCRR 699.9 (f) (4), however, "when paragraph J13 alone is used * * * there [is] no mandate by the court that the agreement or stipulation be carried out by the parties.” It follows that there is in the divorce judgment which is the predicate for defendant’s Domestic Relations Law § 244 application no requirement directing that any sum of money be paid, and, therefore, no basis, short of an action by defendant on the agreement itself, upon which judgment for arrears can be entered (Jaslow v Jaslow, 75 AD2d 876, 877-878; see, Vigo v Vigo, 97 AD2d 463, 464; Lewin v Lewin, 91 AD2d 649, 650-651). Zipparo v Zipparo (70 AD2d 616), relied upon by the Appellate Division, is not to the contrary for there the separation agreement was incorporated by reference in the divorce judgment.
The situation is not changed by the provision of the separation agreement that upon the husband’s default the wife "shall be entitled to a court order or orders directing the Husband to comply with such obligations thereafter coming due, to specific performance of such obligations and to the same remedies provided by statute for the enforcement of such obligations as if such obligations had been determined by order of a court.” Only if the Legislature amended section 244 to include the "as if’ concept with which that contract provision concludes would enforcement *652 of the separation agreement be brought within the section’s requirement that there be a judgment or. order directing payment.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order reversed, with costs, and the application for judgment for arrears in alimony dismissed in a memorandum.