■ SHARON SILEO, Appellant, v ANTHONY V. SILEO, Respondent.—In a proceeding pursuant to Domestic Relations Law § 244 to obtain a money judgment in the amount of $75,000, plaintiff wife appeals, as limited by her brief, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Queens County (Miller, J.), entered June 12, 1984, as awarded her $59,000. (We treat plaintiff's notice of appeal from an order dated April 17, 1984 as a premature notice of appeal from the judgment.)

Judgment affirmed, insofar as appealed from, with costs.

During the divorce action commenced by plaintiff wife against defendant husband, the parties read an oral stipulation of settlement into the record which stated, *inter alia,* that defendant would pay to plaintiff $75,000. Defendant's counsel qualified this term by stating as follows: "As far as the $75,000, that amount will also come from and include any joint funds of the parties". This statement was assented to without further elaboration. The parties' subsequent divorce judgment did not contain the specific provisions of the stipulation, but it did provide as follows: "ORDERED, ADJUDGED, ND *[sic]* DECREED that the Stipulation entered into between the parties in open Court on the 4th day of October, 1983, *shall survive and shall not be merged in this Judgment,* and the Court retains jurisdiction of the matter, concurrently with the Family Court, for the purpose of specifically enforcing such of the provisions of that stipulation as are capable of specific

enforcement or to the extent permitted by law, of making such further decree with respect to alimony, support as it finds appropriate under the circumstances existing at the time application for that purpose if made to it, or both" (emphasis supplied). When defendant failed to remit the $75,000, plaintiff sought, *inter alia,* entry of a money judgment in that amount by a motion pursuant to Domestic Relations Law § 244. Special Term summarily entered a judgment in plaintiff's favor for $59,000, apparently crediting defendant with some $16,000 in joint funds allegedly held by plaintiff. Plaintiff now seeks either a hearing to determine whether the $16,000 setoff was proper, or a modification of the judgment to increase the amount to $75,000.

We initially note that plaintiff was not entitled to obtain entry of a money judgment on the stipulation which was not merged in the divorce judgment by a motion pursuant to Domestic Relations Law § 244. Since the divorce judgment is devoid of any specific language directing payment by defendant of the $75,000 sum, it was procedurally improper for plaintiff to move for the entry of judgment pursuant to the aforementioned statute, and her proper remedy would have been to commence a plenary action on the stipulation agreement itself *(see, Baker v Baker,* 66 NY2d 649; *Vigo v Vigo,* 97 AD2d 463). Accordingly, plaintiff is not entitled to the relief she now requests on appeal. However, in light of the absence of a cross appeal by defendant in this case, we cannot grant defendant any affirmative relief with respect to the entry of said judgment *(see, Hecht v City of New York,* 60 NY2d 57). We therefore affirm the judgment, insofar as appealed from. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.