■ SANDRA MORRIS, Respondent, v ANDREW R. MORRIS, Appellant.—In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 30, 1984, as granted that branch of the plaintiff wife's motion for a money judgment in the amount of $57,500, representing arrears in payment of alimony and child support pursuant to a judgment of divorce.

Order affirmed insofar as appealed from, with costs.

Special Term correctly held that the defendant did not demonstrate good cause why he failed to apply for relief from the judgment directing payment of alimony and child support prior to the accrual of arrears of $57,500. Thus, in light of the defendant's unilateral decision to withhold all support and alimony payments subsequent to April 1982, allegedly based on his financial inability to pay, the court was required to grant leave to enter a judgment for arrears *(see,* Domestic Relations Law § 244; *Matter of La Duke v La Duke,* 110 AD2d

930, 932). There was no agreement between the plaintiff and the defendant for reduction or suspension of such payments *(cf. Malta v Malta,* 87 AD2d 988). In addition, we find that the defendant's September 1982 cross motion for, *inter alia,* relief from the alimony and support provisions of the judgment of divorce in response to an earlier application brought by the plaintiff for leave to enter a money judgment for previously accrued arrears, cannot be considered an application for relief from the arrears, which are the subject of the motion before us, inasmuch as that cross motion was denied without prejudice to renewal upon proper papers, and the defendant never renewed his application *(see, Coveleski v Coveleski,* 93 AD2d 924). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.