(July 7, 1986)

■ CAROLINE BARATTA, Respondent, v RONALD R. BARATTA, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Suffolk County (Murphy, J.), entered April 12, 1983, as directed the entry of money judg-

ments in favor of the plaintiff wife in the amounts of (1) $16,095.26, and (2) $19,656.61, respectively. By order dated June 11, 1984 *(Baratta v Baratta,* 102 AD2d 838) this court remitted the matter to Special Term in order that it might state the facts it deemed essential to its decision (CPLR 4213 [b]). Special Term has now complied.

Amended order modified, on the law, by deleting the second decretal paragraph thereof directing the entry of a money judgment for $19,656.61, and that branch of the plaintiff's application which was for leave to enter a money judgment for said arrears denied. As so modified, amended order affirmed insofar as appealed from, without costs or disbursements.

The parties to this action entered into a settlement agreement on June 18, 1981. This agreement contained a number of extremely vague provisions. To cite but one such provision as an example, the agreement stated that the defendant husband "shall pay for all of the children's extracurricular activities". It is the vagueness of this and similar provisions that lies at the root of this appeal.

The parties were divorced by a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated July 14, 1981. That judgment provided that the settlement agreement would survive, and not be merged in the judgment, and that the court would retain jurisdiction "for the purposes of specifically enforcing such of the provisions of that agreement as are capable of specific enforcement". The agreement was not incorporated into the judgment.

On February 24, 1982, in order to resolve a dispute arising under the agreement, the parties entered into a stipulation upon which was based a subsequent order of the same court (Spatt, J.). That order directed, *inter alia,* that the defendant pay the plaintiff, on or before April 26, 1982, the sum of $16,095.26 (representing the total amount of various bills incurred by the plaintiff which, under the separation agreement, it was allegedly the defendant's obligation to pay). The directive was, however, "subject to the plaintiff providing defendant with * * * proof of payment of the items referred to". The order of Justice Spatt further provided that the plaintiff was authorized to enter judgment upon five days' notice in the event the defendant defaulted in complying with the terms of that order.

By order to show cause dated July 16, 1982, the plaintiff moved for an order, *inter alia,* permitting her to enter judg-

ment in the amount of $16,095.26, which allegedly remained unpaid in violation of Justice Spatt's order. This motion also contained a request for leave to enter judgment in the additional amount of $27,753.32, representing "arrears" allegedly due under various provisions of the settlement agreement. After a hearing, the court directed, *inter alia,* entry of judgments in the amounts of (1) $16,095.26 pursuant to the order of Justice Spatt, and (2) $19,656.61 representing that portion of the plaintiff's claimed additional expenses which the court found to be within the scope of the defendant's duty to pay under the settlement agreement. This appeal followed.

Domestic Relations Law § 244 permits a party to a matrimonial action to apply for an order directing the entry of a money judgment against an adverse party who defaults in paying "any sum of money *as required by [a] judgment or order directing the payment thereof"* (emphasis added). In *Baker v Baker* (66 NY2d 649), decided during the pendency of this appeal, the Court of Appeals held that it is improper for a party to make application for the entry of a money judgment pursuant to Domestic Relations Law § 244 based on another party's failure to comply with the terms of an agreement unless there is a preexisting " 'mandate by the court that the agreement' or stipulation be carried out by the parties' " *(Baker v Baker, supra,* at p 651, quoting from 22 NYCRR former 699.9 [f] [4]). Here, even assuming the court properly found that the defendant husband was obligated under the settlement agreement to pay the plaintiff an additional $19,656.61, to direct the entry of judgment for that amount was error since the defendant had never been required by an order or judgment of the court to pay such an amount, or to comply with the provisions of the agreement pursuant to which that amount is calculated *(Baker v Baker, supra; Sileo v Sileo,* 115 AD2d 535). The plaintiff must commence a plenary action in order to obtain the relief she seeks.

The plaintiff would similarly be precluded from obtaining an order directing entry of judgment against the defendant in the amount of $16,095.26, except for the fact that the defendant was previously ordered by the court (Spatt, J.) to pay such amount, albeit subject to certain conditions. Justice Spatt's order expressly incorporated the provision of the parties' stipulation requiring payment of $16,095.26, and also authorized the plaintiff to make a further application to the court in order to enforce that provision. Thus, the plaintiff need not rely on Domestic Relations Law § 244 as the source of her authority to make such a motion. So much of the

plaintiff's application as sought to enforce the previous order of Justice Spatt was properly before the court. In connection with that portion of the plaintiff's motion, we find that the plaintiff did not provide proof of her claimed expenses of $16,095.26 so as to fulfill the condition precedent to the defendant's obligation, under Justice Spatt's order, to pay that sum. We also find, however, that the plaintiff was unable to perform this condition precedent due to the defendant's rejection of the proffered proof. Therefore, the defendant, having occasioned the plaintiff's failure to perform the condition precedent, cannot rely on that failure to excuse his obligation under the stipulation, as incorporated in the order of Justice Spatt (see generally, 22 NY Jur 2d, Contracts, § 366, at 261). We therefore hold that Special Term properly enforced the prior order of Justice Spatt by ordering the entry of a money judgment in the amount of $16,095.26. Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.