■ JOHN A. WELLS, Appellant, v HELEN WELLS, Respondent. —In a matrimonial action in which the parties were divorced by judgment dated June 24, 1985 the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated June 16, 1986, which denied his motion for downward modification or elimination of his maintenance obligation, and granted the defendant wife's cross motion for a money judgment for arrears of maintenance and for counsel fees.

Ordered that the order is reversed, without costs or disbursements, that branch of the defendant's cross motion which was for a money judgment for arrears of maintenance is denied, and the matter is remitted to the Supreme Court, Nassau County, for a new determination with respect to the plaintiff's motion and that branch of the defendant's cross motion which was for counsel fees.

The parties had entered into a stipulation of settlement dated April 10, 1985 which provided for the defendant wife to receive maintenance in the form of a salary from the plaintiff husband's closely held business, as well as other employee benefits, until March 30, 2000. The stipulation further provided that, in the event that the wife did not receive all or any part of the salary and employment benefits, the husband was to assume the payment of such sums or provide such benefits as maintenance. The parties were granted a judgment of divorce dated June 24, 1985. The judgment of divorce provided in pertinent part: "ORDERED, ADJUDGED and DECREED, that the written Stipulation of Settlement, dated April 10, 1985, and the oral stipulation of April 10, 1985 * * * shall survive and shall not be merged in this Judgment, and the Court retains jurisdiction of the matter, concurrently with the Family Court, for the purpose of specifically enforcing such of the provisions of those Stipulations as are capable of specific enforcement, or, to the extent permitted by law, of making such further decree with respect to maintenance as it finds appropriate under the circumstances existing at the time application for that purpose is made to it, or both".

On August 9, 1985 the plaintiff's closely held business filed a chapter 11 voluntary petition in bankruptcy, and, as a consequence, the plaintiff stopped paying the defendant's salary and

employment benefits. Thereafter, the plaintiff moved for deletion of the provision in the judgment of divorce which provided for the payment of maintenance and for modification of the maintenance provision in the stipulation of settlement on the ground of extreme hardship. The defendant cross-moved for a money judgment for arrears accruing from August 9, 1985 and for an award of counsel fees.

We find that Special Term improperly applied to the plaintiff's application for modification the standard of unforeseen change of circumstances. Where, as here, a stipulation of settlement has survived, but has not been merged with a judgment of divorce, such that it remains in full force and effect, a party seeking modification of the maintenance terms of the divorce judgment under Domestic Relations Law § 236 (B) (9) (b) must demonstrate that their continued enforcement will create an "extreme hardship" to him (see, Pintus v Pintus, 104 AD2d 866). Therefore, the case is remitted to the Supreme Court, Nassau County, for a determination of whether the plaintiff will suffer an extreme hardship by continued enforcement of the maintenance provisions of the divorce judgment and stipulation of settlement.

We further find that Special Term erroneously granted a money judgment for arrears to the defendant. In an application for arrears under Domestic Relations Law § 244, the maintenance obligations set forth in a stipulation of settlement must be specifically set forth in the judgment of divorce (see, Baker v Baker, 66 NY2d 649; Baratta v Baratta, 122 AD2d 3). Language like that found in the judgment of divorce herein, i.e., that the stipulation shall survive and shall not be merged with the judgment, with the court retaining jurisdiction of the matter for the purpose of specifically enforcing such provisions as are subject to specific enforcement, which follows the form language of 22 NYCRR former 699.9 (d) (1), cannot serve as a predicate for an application for arrears because it does not provide a mandate by the court that the stipulation be carried out by the parties (see, Baker v Baker, 66 NY2d 649, supra; Baratta v Baratta, 122 AD2d 3, supra).

Finally, in light of our decision herein, the defendant's application for counsel fees should be remitted to the Supreme Court, Nassau County, for a new determination. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.