■ Sheryle Singer, Respondent, v Joseph Singer, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 12, 1983, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Fierro, J.), entered August 26, 1986, as (1) denied that branch of his motion which was to vacate a money judgment of the same court, dated April 14, 1986, for alleged child support arrears which was entered following an inquest, (2) denied that branch of his motion which was to vacate the judgment of divorce, and to set aside a separation agreement dated March 11, 1983, inter alia, based on fraud, duress, overreaching and incompetent legal representation, and (3) denied that branch of his motion which was for an interim award of counsel fees.

Ordered that the order is modified, on the law, by deleting therefrom the provision which denied that branch of the

defendant's motion which was for vacatur of the judgment dated April 14, 1986, and by substituting therefor a provision granting that branch of the defendant's motion and directing that a new inquest be held, wherein the amount of the defendant's arrears for child support shall be recomputed, and a new judgment be entered against the defendant for child support arrears only; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The separation agreement executed by the parties on March 11, 1983 provided, *inter alia,* (1) that the defendant was to pay child support in the amount of $175 a week and (2) the defendant would be allowed visitation rights. The agreement also provided that it was to merge in, and not survive, any divorce judgment to be entered subsequent thereto. A divorce judgment based on the defendant's abandonment of the plaintiff was entered, and contained only one provision directing the defendant to pay a sum of money, i.e., a provision directing that the defendant pay the $175 a week in child support.

In November 1985 the plaintiff moved, by order to show cause, pursuant to Domestic Relations Law § 244, for an order directing the entry of a judgment for "arrears due under the Separation Agreement and the Judgment of Divorce". Upon the defendant's default in both answering the plaintiff's order to show cause and in appearing for an inquest ordered by the court, a judgment in the principal amount of $45,563.53 was entered on April 14, 1986. The record strongly suggests that the judgment's principal sum of $45,563.53 included not only arrears for child support, but also, as defendant alleges, arrears for "contract rights * * * not contained in the Judgment of Divorce".

In his motion, *inter alia,* to vacate the default judgment of April 14, 1986, the defendant argued that he had a meritorious defense with regard to that portion of the judgment dated April 14, 1986 which was for child support arrears, i.e., the plaintiff's alleged failure to allow him visitation with the children. In addition, the defendant argued that the judgment was improper to the extent that it included an amount representing arrears for contractual obligations not contained in the divorce judgment.

The plaintiff's alleged failure to afford the defendant his visitation rights does not constitute, under the circumstances present herein, a meritorious defense to the plaintiff's application for a money judgment under Domestic Relations Law § 244. Under Domestic Relations Law § 244, as it existed at

the time of the plaintiff's application, the court could reduce or annul child support arrears if the party who had defaulted in his child support obligations could show good cause for having failed to affirmatively seek relief from the judgment or order before the arrears accrued *(Morris v Morris,* 118 AD2d 837). The defendant's moving papers do not demonstrate good cause for his failure in this regard *(Morris v Morris, supra).* It should be noted that in August 1986 Domestic Relations Law § 244 was amended so as to eliminate this defense with respect to child support arrears.

However, the defendant is correct in his argument that the judgment of April 14, 1986 was improper to the extent that it may have included an amount representing arrears for contractual obligations not contained in the judgment of divorce. The Court of Appeals has held that an application pursuant to Domestic Relations Law § 244 can only be made to enforce a provision in a divorce judgment which expressly provides that a sum of money be paid *(Baker v Baker,* 66 NY2d 649; *Baratta v Baratta,* 122 AD2d 3). Moreover, the record indicates that the defendant's default at the inquest may have been the result of a misunderstanding between him and plaintiff's counsel as well as the fact that defendant was then acting *pro se.* Accordingly, and in view of the liberal policy with respect to vacating defaults in matrimonial actions *(Antonovich v Antonovich,* 84 AD2d 799), the inquest held on March 11, 1986 and the judgment dated April 14, 1986 are vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new inquest, wherein the defendant's child support arrears are to be recomputed, and a new judgment reflecting those child support arrears only, is then to be entered.

We have examined the defendant's remaining arguments and find them to be without merit *(see, Bettino v Bettino,* 112 AD2d 181; *Gruber v Gruber,* 43 AD2d 917). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.