■ In the Matter of MARIA I. NEELEY, Respondent, v JOSEPH CUCCIA, Appellant.—In a proceeding pursuant to the Uniform Support of Dependents Law (Domestic Relations Law art 3-A [hereinafter USDL]), the appeal is from an order of the Family Court, Richmond County (Leddy, J.), dated November 17, 1986, which, *inter alia,* enforced the child support provisions of the parties' separation agreement and which granted the petitioner leave to enter a money judgment for arrears.

Ordered that the order is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

The appellant and the petitioner, who are former husband and wife, were married in New York in 1970. Later that year their only child was born. They separated in 1976 pursuant to an agreement that the appellant would pay child support in the sum of $400 per month. They divorced in 1978 pursuant to that agreement. The judgment of divorce provided that the separation agreement would "survive and * * * not be merged in this judgment". The judgment further provided that the Supreme Court would, concurrently with the Family Court, retain jurisdiction for the purpose of specifically enforcing those provisions of the agreement which were capable of specific enforcement. The petitioner custodial parent remarried and thereafter moved to California in 1985. She commenced this action in that State pursuant to the California Code of Civil Procedure, title 10a, part 3, entitled the Revised Uniform Reciprocal Enforcement of Support Act of 1968 (RURESA) for the recovery of arrears.

The appellant remarried and remained in New York. The pleadings filed in California were transmitted to the Family Court, Richmond County, pursuant to the USDL.

After a hearing the Family Court found the appellant to be in arrears in his support obligations and awarded a money judgment to the petitioner in the amount of $21,600. This determination was in error.

It is well settled that no money judgment may be awarded in an action for arrears pursuant to Domestic Relations Law § 244 where those arrears stem solely from a separation agreement and not from a judicial mandate *(see, Sileo v Sileo, 115 AD2d 535)*. The reason for this is that there is no preexisting mandate from the court for payment of amounts allegedly owed *(see, Baker v Baker, 66 NY2d 649)*. Rather, a plenary action must be commenced on the agreement itself *(see, Baratta v Baratta, 122 AD2d 3)*. No different result is reached in this proceeding pursuant to the USDL. Under this statute necessary support may be recovered, interstate, in the first instance *(see, Domestic Relations Law § 34 [2])*. Additionally the interstate enforcement of support provisions in judgments of divorce is facilitated by this law *(see, Lanum v Lanum, 92 AD2d 912)*. The USDL does not, however, provide a mechanism by which support obligations existing only in an agreement may be enforced.

The pleading employed in California in this matter was denominated "Complaint for Reciprocal Enforcement of Support *Judgment*" (emphasis added). The support obligation in question is not in a judgment. Moreover the quoted language in that complaint, reciting that the court issuing the divorce retains jurisdiction, is not equivalent to a judgment *(see, Wells v Wells, 130 AD2d 487, 488)*. In sum, absent a judgment mandating the payment of child support, the Family Court lacked the power to award a judgment for arrears. This decision is without prejudice to the petitioner instituting a plenary action upon the separation agreement, if she be so advised.

We further note that the order appealed from incorrectly awarded arrears in contravention of the applicable six-year Statute of Limitations (CPLR 213 [2]; *see, Tauber v Lebow, 65 NY2d 596; Story v Brady, 114 AD2d 1026)*. We have examined the appellant's remaining contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.