OPINION OF THE COURT
William P. Warren, J.
This court has before it objections to the order of Hearing Examiner Miklitsch dated April 12, 1990 filed by the attorney for the respondent. Petitioner, by her attorney, has submitted a rebuttal.
The decision objected to was issued in response to respondent’s oral motion to dismiss. In denying the motion the Hearing Examiner held that the Family Court had jurisdiction to hear a de novo child support petition notwithstanding the existence of a separation agreement since that agreement *30 was neither incorporated in the judgment of divorce nor did the judgment contain a decretal paragraph for support. Although no final order had been entered by the Hearing Examiner the parties stipulated to this court ruling on the instant objection since if there were a reversal of the Hearing Examiner’s order it would result in dismissal and avoidance of a full hearing on support.
The respondent claims that this court has no jurisdiction to hear petitioner’s application for support. It is his contention that the facts of this case are governed by the rule of Baker v Baker (66 NY2d 649), and that to permit a de novo child support petition is merely an attempt to circumvent that ruling.
The facts of this case are not in dispute. The parties entered into a separation agreement on April 16, 1985 and were divorced on September 20, 1985. The divorce judgment did not contain a decretal paragraph for support and the judgment did not specifically incorporate the separation agreement or mention any of its provisions. The pertinent decretal paragraph reads as follows: "ORDERED, ADJUDGED AND DECREED that the stipulation of settlement entered into by the parties on April 16, 1985, a copy of which is on file with the court, shall survive and not be merged in this judgment and the court retains jurisdiction in this matter, concurrently with the Family Court, for the purposes of specifically enforcing such of the provisions of said agreement as are capable of specific enforcement and to the extent permitted by law of making such further decree with respect to alimony, support, custody, visitation, or counsel fees as it finds appropriate under the circumstances existing at the time application for that purpose is made’’.
The petitioner brought a de novo support petition on February 27, 1990. She has not requested either enforcement or modification of any order.
Baker v Baker (supra) stands for the proposition that a divorce decree that does not contain either the specific provisions of the separation agreement or incorporate it by reference cannot be the basis for a judgment of arrears. The only way to enforce such provision is by a plenary action on the agreement (see, Vale v Vale, 146 AD2d 696; Thompson v Lindblad, 125 AD2d 460).
The same decretal paragraph language used in this proceeding is what was before the Court of Appeals in the Baker v *31 Baker decision (supra). Therefore, under the ruling of that case, no authority exists to enter an order or judgment as to arrears accruing pursuant to the divorce decree. However, in the case at bar the petitioner is not attempting to enforce or modify an existing support order and obtain arrears accruing under the divorce decree. Indeed under the rule of law set forth in Baker v Baker there is no existing support order to enforce. Rather, petitioner has brought on a new proceeding under article 4 of the Family Court Act, not under Domestic Relations Law § 244 as the respondent contends in his objections. Family Court Act § 461 is applicable to these facts and it states in pertinent part: "(a) A separation agreement, a decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under section [413] of this article. In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support.”
It is clear that since there is no order of support the instant petition is governed by Family Court Act § 461 (a) and not by Baker v Baker (supra). Although the respondent has cited much authority to this court none of it stands for the proposition that the decision by the Court of Appeals in Baker v Baker precludes a de novo child support petition where there exists no order of child support.
Accordingly, respondent’s objections are denied and the matter is referred back to the Hearing Examiner for a hearing on the instant petition. The parties and counsel are directed to appear on July 20, 1990 at 2:00 p.m. before Hearing Examiner Miklitsch for further proceedings.