(October 1, 1998)

■ Anonymous, Plaintiff, v Anonymous, Defendant. State of New York on Relation of Anonymous, Appellant-Respondent, v Anonymous, Respondent-Appellant. [679 NYS2d 3] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered September 8, 1997, which modified the final custody order entered June 18, 1996 insofar as, *inter alia*, appointing the father sole guardian of the parties' elder son, with authority to make all decisions with respect to selection of a boarding school approved by the director of the child's current school, as well as decisions regarding school personnel and/or other parties involved in the social, medical, psychological, psychiatric and educational matters concerning the child, unanimously modified, on the law and the facts, to the extent that the father also be appointed sole guardian of the parties' younger son with similar authority for similar purposes as that granted him with regard to the elder son except as limited in compliance with the decision herein, such sole guardianship of both children being conditioned upon the father establishing permanent residence in the City of New York in accordance with the decision herein, and upon the parties agreeing upon a liberal visitation schedule for the mother as to both boys or, failing agreement as to such schedule, counsel for each party submitting a proposed order of visitation to Supreme Court and that court signing an order of visitation, and otherwise affirmed, without costs.

Order, same court and Justice, entered June 18, 1996, which, *inter alia*, effectively ordered that there be a joint custody arrangement with respect to the parties' two sons and in which there were extensive provisions regarding, *inter alia*, the sons' residence for a portion of each month with each parent, the proximity of the parents' residences, and the decision-making

process concerning education and health care of the two boys, unanimously modified, on the law and the facts, to the extent reflected in our modification, *supra*, of the order of modification entered September 8, 1997 and to the extent that the proximity provisions be vacated and that the provisions as to summer and holiday time be continued pending remand for further proceedings, including consideration of updated experts' reports and other information affecting custody, after which an updated award of custody shall be made, and otherwise affirmed, without costs.

Order, same court and Justice, entered on or about April 2, 1996, which awarded the respondent-mother interim counsel fees of $175,000, without prejudice to further applications for additional sums as necessary for completion of the custody aspects of the parties' matrimonial action, unanimously affirmed, without costs.

The record strongly indicates that at this time, the best interests of the parties' younger son require that, similarly to his older brother, he be enrolled in a boarding school and that he be placed under the sole guardianship of his father for the purpose of selecting such boarding school, with the approval of the director of his current school, as well as for the purpose of making decisions regarding school personnel and/or other parties involved in social, medical, psychological, psychiatric and educational matters concerning the younger son. His enrollment in boarding school is to be accomplished during the 1998-1999 academic year at the midyear break or such other opportune time during the school year such that the disruption in his life is minimized. This will remove the child, for the time being, from the harmful environment resulting from the parties' *de facto* joint custody arrangement (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Braiman v Braiman*, 44 NY2d 584), which, during these highly contentious divorce proceedings, has proven to be unworkable.

The record further suggests that the boys would benefit from the father maintaining a greater presence in their lives. We therefore condition his guardianship upon his establishing permanent residence in the City of New York, i.e., he is directed to: buy or lease an apartment in a residential building; spend three out of every four weekends each month in New York during the boys' academic year; and to remain in New York each fall and spring for as long as necessary in order to assist the boys in settling into their respective schools.

It is also our view that the custody issue here requires renewed consideration. Given the passage of time since the

earlier proceedings and the likelihood of changed circumstances, such consideration requires that further proceedings be held, including a hearing with updated evidence as to both children and parents, and further review by Supreme Court.

The custody hearing court's award of interim counsel fees to respondent did not constitute an abuse of discretion. The award permitted her to complete the original custody hearing. The issues raised concerning her alleged conversion of property and the excessiveness of the fees charged by her counsel can and should be addressed at such time when the issues of equitable distribution and counsel fees are addressed in the parties' pending divorce action.

We have considered the parties' remaining contentions for affirmative relief and find them to be without merit.

Motion to strike respondent-appellant's reply brief in her appeal of final custody order denied.

Motion for anonymous status granted to the extent of publishing the instant decision with the above-stated caption. Concur—Lerner, P. J., Milonas, Rosenberger, Nardelli and Williams, JJ.