■ THIERRY DE GANAY, Respondent, v FRANCES DE GANAY, Appellant. [689 NYS2d 501] —Order and judgment (one paper), Supreme Court, New York County (Eileen Bransten, J.), entered June 12, 1998, which, to the extent appealed from as limited by defendant's brief, denied defendant's motion to dismiss plaintiff's declaratory judgment action respecting the validity and enforceability in New York of certain matrimonial judgments rendered by French courts, and granted plaintiff's cross motion for summary judgment, declaring judgments of French courts dated March 14, 1995, March 28, 1996 and April 3, 1997 valid and entitled to enforcement in New York pursuant to the doctrine of comity, unanimously affirmed, without costs. Appeals from the decision of said court and Justice dated April 17, 1998, and from the order, same court and Justice, entered October 30, 1998, denying defendant's motion to reargue the motions determined in the June 12, 1998 order and judgment, unanimously dismissed, without costs, as taken from nonappealable papers.

Defendant failed to rebut the presumption of plaintiff's continuing domicile in France (*see, Unanue v Unanue*, 141 AD2d 31, 38-39). There is no dispute that the parties' prenuptial agreement was executed by them in France in 1981. The prenuptial agreement, by its terms, is to be governed by the French "regime" and controlled by French law. France was the matrimonial domicile of the parties from 1981 to 1983. The children have dual citizenship, and by defendant wife's admission, the parties maintained a second residence in France which defendant frequented for substantial periods of time each year until one month prior to her commencement of the New York divorce action in 1994. The motion court's finding of defendant's dual residency has ample evidentiary support, and there is nothing in the record to raise a triable issue of fact on the matter. Defendant was personally served and fully apprised of all continuing aspects of the ongoing French proceedings. Moreover, the fact that defendant had the resources and ability to defend in France, as evidenced by her retention of French counsel and her appearance to request an adjournment of the predivorce conciliation proceedings, reinforces the conclu-

sion that New York public policy would not be offended by recognizing the French court's exercise of personal jurisdiction over defendant in this case, notwithstanding her calculated determination not to appear with respect to the balance of those proceedings (*see, Gould v Gould*, 235 NY 14; *Levy v Levy*, 185 AD2d 15, *appeal dismissed* 82 NY2d 707). Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.