■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. STATE OF NEW YORK ex REL. ANONYMOUS, Acting on Behalf of Both Infants Under Age 14, Appellant, v ANONYMOUS, Respondent. [814 NYS2d 21]—

Orders, Supreme Court, New York County (Judith S. Gische, J.), entered May 11, 2004 and November 16, 2004, which, inter alia, denied defendant's cross motion to refer all disputes in this

matter to the French courts on forum non conveniens grounds and ordered defendant to pay $4,500 in monthly child support until the parties' youngest son attains the age of 21, and judgment, same court and Justice, entered February 8, 2005, in favor of plaintiff in the sum of $73,507.62 plus $634.38 interest for child support arrears and unpaid school expenses, unanimously reversed, on the law, without costs, defendant's motion granted, the orders and judgment vacated, and the proceeding dismissed on condition that defendant promptly appear and waive any jurisdictional objections to any proceeding brought by plaintiff in the French courts to enforce the child support provisions of the French judgment of divorce and any subsequent orders relating thereto.

The parties were married in New York on Bastille Day in 1981 and have two sons who were born in New York and are now aged 23 and 19. In November 1994, plaintiff commenced an action for divorce (index No. 312208/94) in New York County by service of a summons with notice. Defendant never appeared and no complaint was served. In December 1994, defendant countered with an action for divorce in France where he resided and, in January 1995, commenced a habeas corpus proceeding (index No. 101733/95) in New York County seeking custody of the two children. Plaintiff moved in New York to stay the French action and to consolidate the divorce and habeas corpus proceedings and to litigate the custody issue exclusively in New York, which application was granted to the extent of granting consolidation.

Pursuant to a judgment rendered by the French court on March 28, 1996, defendant was granted a divorce and, as pertinent to these appeals, directed to continue paying, until the youngest son reaches 21 years of age, monthly child support for both children of $4,500 plus "the costs of schooling, out-of-school activities and traveling of the children subject to reasonable limits." The French court "declare[d] it inappropriate to rule on the exercise of parental authority, the place of residence of the children, rights of access or accommodation since these matters have been laid before the Court of New York."

On June 18, 1996, a final custody order was entered in the consolidated New York divorce action and habeas corpus proceeding, which order was modified on appeal to, inter alia, appoint defendant sole guardian of the parties' two sons for purposes of selecting an appropriate boarding school, conditioned upon his establishing permanent residency in New York City (254 AD2d 1 [1998]; *see also* 280 AD2d 433 [2001]). A motion for anonymous status was granted by this Court only to

the extent of publishing "the instant decision" with an anonymous caption (254 AD2d 1, 3).

In the meantime, in February 1997, plaintiff brought an action in federal court to declare that the French divorce judgment was not entitled to recognition. Defendant responded with an action in New York County Supreme Court, which, after the federal action was dismissed, the federal court abstaining in favor of the New York courts, resulted in a judgment (Eileen Bransten, J.), entered June 12, 1998, declaring the French judgment of divorce to be valid as a matter of comity, and that its provisions deferring to the New York court all issues concerning custody of the children and directing that defendant continue to pay plaintiff $4,500 monthly for the two children plus the reasonable costs of their schooling, out-of-school activities and traveling expenses are entitled to enforcement. This Court affirmed with the parties' names appearing in the caption (261 AD2d 175 [1999], *lv denied* 93 NY2d 818 [1999]). On November 18, 1998, plaintiff's consolidated action for divorce was dismissed on grounds of res judicata, which judgment was affirmed by this Court (269 AD2d 157 [2000]), again with the parties' names appearing in the caption.

At some point, after the parties' oldest son turned 18 or 19, he moved to France to live with defendant and to attend school there; the younger son, however, continued to live with plaintiff in New York and attend boarding school here.

In December 2002, defendant sought a downward modification of his child support obligations from the French court. Plaintiff appeared in the French proceeding, but, in January 2004, using the New York County index numbers and captions from the consolidated 1994 divorce action and 1995 habeas corpus proceeding, moved for entry of judgment for child support arrears, alleging that she had received no child support payments for her oldest son since November 2002 and none for her younger son since August 2003. Defendant cross-moved to stay or deny plaintiff's motion, asking the court to decline to exercise jurisdiction over matters concerning child support on the ground that the more convenient and appropriate forum would be France; that the French court was the proper forum because the judgment of divorce was issued there; and that defendant's application for a downward modification of child support was pending there. Plaintiff opposed the cross motion, arguing that because New York granted comity to the French divorce judgment the court had continuing jurisdiction; that under French law, the French court did not have jurisdiction to rule on the issue of child support in its 1996 judgment of divorce

since at the time there were pending child custody proceedings in New York; that the only order directing defendant to pay child support is Justice Bransten's June 12, 1998 judgment; and that, pursuant to conflict of laws principles, New York is the jurisdiction with the most significant contacts in this case.

In reply, counsel for defendant affirmed that the pending downward modification proceeding in France had been delayed until the French court received complete birth certificates for the boys and that he was informed by French counsel that the birth certificates had now been delivered to the French court and such proceedings would now proceed to conclusion. Counsel also pointed out to the court that plaintiff had filed her motion to enforce the child support provisions of the French divorce decree under index numbers 312208/94 and 101733/95. The first, 312208/94, was plaintiff's action for divorce and child custody that had been dismissed on grounds of res judicata; the other, 101733/95, was defendant's habeas corpus proceeding regarding visitation and guardianship issues, not child support, and ended in the order appointing defendant as guardian of both boys for purposes of their education.

In its May 11, 2004 order, the court held, inter alia, that plaintiff cannot collaterally attack the French judgment in New York; that, under French law, the age of emancipation is 18; and that, under the plain terms of the French judgment, defendant is obligated to pay $4,500 monthly in unallocated child support until the youngest son turns 18; and it rejected defendant's argument that his child support obligation should simply be halved when one child becomes emancipated. The court denied defendant's cross motion, finding no need to apply the doctrine of forum non conveniens since, absent any need for a hearing, it was competent to address all the claims that were raised.

Plaintiff then moved to hold defendant in contempt for failing to pay child support and travel expense arrears, which motion was adjourned several times in expectation of the French court's decision on defendant's downward modification motion.

On July 23, 2004, the Family Law Division of the French court entered an order amending the March 28, 1996 judgment of divorce to the extent of cancelling defendant's obligation to pay child support for the parties' oldest son, now 23 years old, who lives with defendant in France, and ordered defendant to pay monthly child support of $2,500 for the parties' youngest son who lives with plaintiff in New York until his 21st birthday.

Defendant then cross-moved for reargument and renewal to have the July 23, 2004 French order declared valid and enforceable in New York, which cross motion was denied, resulting in

the second order appealed from. The court found that rather than appealing its prior order of May 11, 2004, defendant pursued his claims in France hoping for a more favorable result; that defendant had brought his motion in France seeking to terminate his support obligations months after plaintiff brought this enforcement proceeding in New York and only days before the earlier cross motions were submitted to it for decision; that the conflicting French order was not entitled to comity; and that the parties had brought their dispute to the New York court first. It refused "to modify its [earlier] May 11, 2004 order to conform with the conflicting French order," but, nevertheless, modified it to reflect that the legal age of emancipation under French law is 21. The court denied plaintiff's contempt motion, but ordered entry of judgment against defendant for $40,500 in dependent child support arrears, as provided in its earlier order. Judgment was entered accordingly.

Defendant appeals from both orders and the judgment and, for the following reasons, we reverse and vacate the orders and judgment and dismiss the matter as having been improperly brought.

While parties may often be permitted to chart their own procedural course, there is an obvious defect in these proceedings that requires dismissal of this matter. Only two methods are authorized to obtain the relief sought here, the most expeditious being a motion pursuant to Domestic Relations Law § 244 in a matrimonial action in which an order or the judgment of divorce makes provision for child support or incorporates the parties' agreement to that effect. Where such relief is unavailable, however, a separate plenary action is required (*see Baker v Baker*, 66 NY2d 649 [1985]; *Mendler v Mendler*, 158 AD2d 276 [1990]; *Baratta v Baratta*, 122 AD2d 3 [1986]). In this case, the only judgment ordering that defendant pay $4,500 in monthly child support for the parties' two sons is the original French judgment of divorce entered March 28, 1996. Thus, not only was a motion pursuant to Domestic Relations Law § 244 not available to plaintiff, but, although plaintiff's order to show cause was stamped "Approved for the payment of motion fee only" by the ex parte motion office, plaintiff's motion appears to have been made under lapsed index numbers and captions. A party's failure to purchase a new index number is ordinarily jurisdictional in nature and, so long as an objection is timely raised by the responding party, renders the proceedings a nullity, and requires dismissal (*see Harris v Niagara Falls Bd. of Educ.*, 6 NY3d155 [2006]).

Here, however, although defendant raised the fact that nei-

ther index number used by plaintiff was appropriate, he did not seek dismissal on those grounds, but rather cross-moved pursuant to CPLR 327, which provides that, on the motion of any party, the court, when it finds that in the interest of justice the action should be heard in another forum, may stay or dismiss the action, in whole or in part, on conditions that may be just. Nor, although he raised the issue indirectly, did defendant seek dismissal on the ground that relief under Domestic Relations Law § 244 was unavailable to plaintiff. Nevertheless, even assuming the court properly found that defendant was obligated to pay the child support arrears under the French judgment of divorce, it was error to direct entry of judgment for such arrears since, as previously noted, defendant had never been required by an order or judgment of the New York courts to pay such an amount, and thus such relief required plaintiff to commence a plenary action.

Moreover, even if plaintiff had proceeded properly, and regardless of the timing or motives behind defendant's motion for a downward modification of his child support obligations in France, or whether the French court improperly "reviewed" its order, Supreme Court improvidently exercised its discretion in denying defendant's forum non conveniens motion in the first place. Given New York's earlier recognition of the validity of the child support provisions of the French divorce judgment, the French court clearly retained jurisdiction over such issues and defendant's cross motion should have been granted.

Finally, as to the use of anonymous captions in matrimonial actions, we remind the bench and bar that, even where the parties seek to stipulate to such relief, the trial court should not pro forma approve an anonymous caption, but should exercise its discretion to limit the public nature of judicial proceedings "sparingly" and "then, only when unusual circumstances necessitate it" (*cf. People v Jones*, 47 NY2d 409, 413 [1979]). In matters involving child custody issues such relief should be granted only in the rare case, where, in considering the best interests of the children, there is a finding that their health and welfare would be protected, not their "privacy" (*see Matter of P.B. v C.C.*, 223 AD2d 294, 298 [1996]), or where the children's interests would be better served by such relief (*see Anonymous v Anonymous*, 158 AD2d 296 [1990]). No such showing is evident on this record. Concur—Tom, J.P., Andrias, Gonzalez and Malone, JJ.