Matter of David W. (2018 NY Slip Op 09003)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of David W.

2018 NY Slip Op 09003

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


7961 7960

[*1]In re David W., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for presentment agency.

Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about January 23, 2018, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, menacing in the third degree, attempted robbery in the second degree, and attempted assault in the third degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.
The court properly declined to draw a missing witness inference as to the victim. The presentment agency sufficiently
established that the victim was unavailable (see People v Savinon, 100 NY2d 192 [2003]), and that the agency did not "merely go through the motions of asking [the] witness to testify," with the "ulterior goal of keeping the witness off the stand" (id. at 200). The victim's whereabouts were unknown by the time of the fact-finding hearing, and he could not be located despite diligent efforts conducted at that time (see People v Henriquez, 147 AD3d 706 [1st Dept 2017], lv denied 29 NY3d 1080 [2017]). In any event, any error was harmless given the police officer's eyewitness testimony of the assault (see People v Daisley, 115 AD2d 535 [1st Dept 2014]).
The fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK