**K.M. v A.G.**

2025 NY Slip Op 31222(U)

April 11, 2025

Supreme Court, New York County

Docket Number: Index No. 150939/2024

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** | **HON. DAVID B. COHEN** |
| | *Justice* |

------------------------------------------------------------------------X

K. M.,

                       Plaintiff,

          - v -

A. G., SBIF LLC,

                      Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **58** |
| **INDEX NO.** | 150939/2024 |
| **MOTION DATE** | 02/01/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 4, 6, 7, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

were read on this motion to/for                MISC. SPECIAL PROCEEDINGS       .

By order to show cause, plaintiff moves for an order permitting the use of the pseudonym "K.M." and the caption "K.M. v A.G. and SBIF LLC" in this action, and prohibiting the parties, attorneys, and agents from publishing plaintiff's true identity. Defendants oppose and, by notice of cross-motion, move to dismiss the action based on documentary evidence and a failure to state a cause of action against them, and awarding defendants counsel fees. Plaintiff opposes the cross-motion.

## I.     MOTION TO SEAL

In her complaint, plaintiff alleges that defendant A.G. infected her with Human Papillomavirus (HPV) during their romantic relationship without her knowledge or consent, and that he did so when he knew or should have known he had HPV. The complaint further details the parties' relationship, including their sexual relations, and plaintiff's prior sexual history (NYSCEF 1).

Pursuant to 22 NYCRR § 216.1(a):

**150939/2024 M., K. vs. G., A. ET AL**
**Motion No. 001**

**Page 1 of 6**

a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.

In determining whether a plaintiff has good cause to proceed anonymously, the burden of proof is lesser than that required for sealing the record (*Doe v Szul*, 2008 NY Slip Op 31382[U] [Sup Ct, NY County 2008]). Nonetheless, the court must balance the movant's privacy interest against the presumption of open trials and against any potential prejudice to the defendant (*Anonymous v Lerner*, 124 AD3d 487, 487 [1st Dept 2015] [internal quotations omitted]).

Moreover, the court "should . . . exercise its discretion to limit the public nature of judicial proceedings 'sparingly' and 'then, only when unusual circumstances necessitate it'" (*id.*, citing *Anonymous v Anonymous*, 27 AD3d 356, 361 [1st Dept 2006]). "[C]laims of public humiliation and embarrassment ... are not sufficient grounds for allowing a plaintiff ... to proceed anonymously" (*Lerner*, 124 AD3d at 487-488, and cases cited therein]), even if the matter is of no public interest (3 NY Prac Com Litig in NY State Courts, § 25.7 [4th ed], and authority cited therein).

Generally, where allegations relate to sexually-transmitted diseases or sexual assault, the plaintiff's privacy rights are held to outweigh the public's right to know (*see e.g. Doe v Spencer Cox Clinic, et al.*, 59 Misc 3d 1210[A], 2018 NY Slip Op 50461[U], *1 [Sup Ct, NY County 2018] [granting use of pseudonym where defendants accused of improperly disclosing plaintiff's health information including HIV status, history of sexually transmitted diseases, history of sexual abuse and/or assault, and use of prescription drugs to treat those diseases]; *see also Anonymous v Duane Reade Inc.*, 10 Misc 3d 1056[A] [Sup Ct, Kings County 2005] [granting use of pseudonym in matter involving disclosure of HIV status]).

**150939/2024   M., K. vs. G., A. ET AL**
**Motion No.  001**

**Page 2 of 6**

Here, given the allegations asserted in the complaint regarding a sexually-transmitted disease, plaintiff has established her entitlement to an order permitting her to proceed by pseudonym and directing that her true name not be disclosed during this litigation.

While defendants oppose the use of pseudonyms here, they inexplicably rely solely on federal statutes and caselaw which are inapplicable in this state court action. Thus, their opposition is not persuasive. In any event, there is no evidence that defendants are substantially prejudiced by plaintiff's use of a pseudonym (*N.S. v Frankenhoff*, 215 AD3d 592 [1st Dept 2023] [defendant not prejudiced as he was aware of plaintiff's identity]).

## II. CROSS-MOTION TO DISMISS

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction," and the court must "accept the facts as alleged in the [pleading] as true, accord [the pleader] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see* CPLR § 3206). However, when the pleading's "legal conclusions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every favorable inference, and the criterion becomes whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Morgenthow & Latham v Bank of N.Y. Co.,* 305 AD2d 74, 78 [1st Dept 2003] [internal quotation marks and citations omitted]).

Under that criterion and pursuant to CPLR § 3211(a)(1), the court must dismiss one or more causes of action where "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Liberty Sq. Realty Corp. v Doe Fund, Inc*., 202 AD3d 55, 65 [1st Dept 2021] [internal quotation marks and citations omitted]).

**150939/2024  M., K. vs. G., A. ET AL**
**Motion No. 001**

**Page 3 of 6**

In addition, pursuant to CPLR § 3211(a)(7), the court must dismiss any cause of action where "the [pleader] fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Holder v Jacob*, 231 AD3d 78, 86 [1st Dept 2024] [citation omitted]). When a defendant submits evidence to support dismissal, the "inquiry [changes] from whether the pleader has *stated* a cause of action to whether the pleader *has* a cause of action amenable to relief, or whether the defendant has a complete defense to the claims" (*id.* [citations omitted]). In this context, the court will grant dismissal when the evidence conclusively establishes defendant's defense as a matter of law (*id.*).

In cross-moving to dismiss, defendants assert their reliance on documentary evidence, namely, medical test results for defendant A.G.'s prior and most recent girlfriends, both named Michelle, and both of whom tested negative for HPV, and defendant's affidavit in which he alleges that he does not have and never had HPV.

However, while defendant claims that his girlfriends' test results are annexed as an exhibit to his motion, the only filed test result is for someone with the first name of Christina, not Michelle. In any event, no foundation was laid for the admissibility of this document.

Similarly, defendant's affidavit does not constitute the type of documentary evidence that may lead to dismissal of a pleading, given that he mainly disputes plaintiff's version of events, and thus does not utterly refute plaintiff's factual allegations and establish a defense as a matter of law (*see Katsorhis v 718 W. Beech St., LLC*, 234 AD3d 744 [2d Dept 2025] [affidavit did not establish that material fact alleged in complaint was not fact at all and that no significant dispute existed regarding it]; *Wright v City of New York*, 223 AD3d 547 [1st Dept 2024] [manager's affidavit did not constitute documentary evidence that conclusively established defense to plaintiff's complaint]).

**150939/2024 M., K. vs. G., A. ET AL**
**Motion No. 001**

**Page 4 of 6**

Defendants also do not establish that plaintiff failed to adequately plead a claim against them for negligence, as she alleges in her complaint that A.G. knew or should have known that he had H.P.V., and the facts underlying that claim are within defendants' knowledge, not plaintiff's. Finally, whether or not plaintiff can recover the amount of damages she seeks in her complaint is not a ground upon which to dismiss the complaint.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that plaintiff's motion to proceed by pseudonym is granted, and all papers filed in this action shall refer to plaintiff only as "K.M. "plaintiff," "she," or "her," and to defendant A.G. as "A.G.," "defendant," "he," and "him," and all exhibits or other documents submitted to the court shall be redacted so as to exclude any identifying information that could reasonably lead to the plaintiff's name; and it is further

ORDERED that the parties and their counsel and agents, and the New York County Clerk, shall refrain from disclosing plaintiff's name to any person(s) not a party to this action, other than witnesses, potential witnesses, or any person believed to have knowledge related to the parties' claims or defenses in this action. However, plaintiff's full name may be provided to any doctor, practitioner, social worker and/or medical/health care provider and/or governmental agency which has and/or may have information and/or documents relating to the plaintiff's claims and/or defenses in this action. All authorizations provided by plaintiff's attorney shall bear the actual full name of plaintiff; it is further

ORDERED that defendants' motion to dismiss is denied, and they are directed to file an answer within 20 days of the date of this order; and it is further

**150939/2024  M., K. vs. G., A. ET AL**
**Motion No.  001**

**Page 5 of 6**

ORDERED that the parties appear for a preliminary conference on June 24, 2025 at 9:30 am, at 71 Thomas Street, Room 305, New York, New York.

2025041115385700C0HENB7328E0AA32E44839AD06C573EA4BD28

__4/11/2025__
__DATE__

__DAVID B. COHEN, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150939/2024   M., K. vs. G., A. ET AL**
**Motion No.  001**

**Page 6 of 6**

6 of 6

[* 6]