[849 NYS2d 832]

In the Matter of Mark V. Williams, an Attorney, Respondent. Grievance Committee of the Fifth Judicial District, Petitioner.

Fourth Department, February 1, 2008

158

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Mark V. Williams*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct including misappropriation of client funds and other trust account improprieties. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent filed no papers in opposition to the motion and did not appear before this Court on the return date.

The Referee found, based in part upon respondent's admissions, that he issued checks drawn against his attorney trust account that were dishonored for insufficient funds, issued checks drawn against the account that were made payable to himself or to cash, made direct cash withdrawals from the account, made unauthorized wire transfers of account funds, and deposited earned fees and personal funds into the account.

The Referee further found that respondent allowed the balance in his attorney trust account to fall below the amount that should have been maintained on behalf of a client, failed to complete the client's matter, made misrepresentations to the client regarding the status of the matter and failed to refund the unearned retainer fee to the client. Additionally, the Referee found that respondent, in contravention of a client's instructions, allowed a check issued by the client to be presented for payment, thereby causing an overdraft in the client's checking account.

Finally, the Referee found that respondent failed to comply with attorney registration requirements and failed to cooperate with the investigation of the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

In determining an appropriate sanction, we have considered the finding of the Referee that respondent failed to present evidence of any factors that would mitigate his misconduct. We note, in this regard, the failure of respondent to respond to the motion filed by the Grievance Committee or to submit for this Court's consideration any matters in mitigation. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of this Court. Additionally, we direct respondent to pay restitution in accordance with the order entered herewith.

HURLBUTT, J.P., MARTOCHE, SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of suspension entered.