[876 NYS2d 584]

In the Matter of MARK V. WILLIAMS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 20, 2009

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Mark V. Williams*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 14, 1988, and formerly maintained an office for the practice of law in Syracuse. By order entered February 1, 2008, we suspended respondent for one year and until further order of the Court for misconduct that included misappropriation of client funds and other trust account improprieties (*Matter of Williams*, 50 AD3d 157 [2008]). We also directed respondent to pay restitution to a client. Respondent has not applied for reinstatement and has not complied with our directive to pay restitution.

The Grievance Committee has filed a petition charging respondent with acts of misconduct that occurred prior to his suspension, including neglecting client matters and making misrepresentations to a client regarding the status of the client's matter. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Respondent failed to appear on the scheduled hearing date, and the hearing proceeded in his absence. The Referee filed a report, which petitioner moves to confirm. Respondent failed to respond to the motion or to appear before this Court on the return date of the motion.

The Referee found that respondent was retained to represent a client who had received traffic citations. Respondent failed to take any action on behalf of the client, and the driver's license of the client was suspended and fines were imposed. The Referee also found that during the course of the representation, respondent failed to communicate with the client, failed to respond promptly to inquiries made by the client regarding the matter and made misrepresentations to the client regarding the status of the matter.

The Referee further found that, following the denial of his request for an adjournment in a custody matter involving another client who had retained him, respondent failed to appear at a scheduled hearing on behalf of the client. The hearing proceeded in the absence of respondent and his client, and an order was entered terminating the custodial rights of the client and limiting his visitation rights. Upon his discharge by the client, respondent failed to refund any part of the retainer fee that had been paid in advance by the client.

Finally, the Referee found that respondent failed to cooperate with the investigation of the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 7-101 (a) (1) (22 NYCRR 1200.32 [a] [1])—intentionally failing to seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules;

DR 7-101 (a) (2) (22 NYCRR 1200.32 [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services; and

DR 7-101 (a) (3) (22 NYCRR 1200.32 [a] [3])—intentionally prejudicing or damaging a client during the course of the professional relationship.

In determining an appropriate sanction, we have considered, as we did in the prior proceeding, the failure of respondent to respond to the motion filed by the Grievance Committee or to submit for this Court's consideration any matters in mitigation. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years and until further order of the Court. Additionally, we direct respondent to pay restitution in accordance with the order entered herewith.

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of suspension entered.