■ In the Matter of EMAD LOUKA, Appellant, v TERIZA SHEHATOU, Respondent. [888 NYS2d 841]—

Appeal from an order of the Family Court, Onondaga County (George M. Raus, Ref.), entered August 1, 2008 in a proceeding pursuant to Domestic Relations Law article 5-A. The order denied the motion of petitioner to vacate an amended order entered upon default.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the amended order entered December 19, 2007 is vacated, and the matter is remitted to Family Court, Onondaga County, for a hearing on the petition.

Memorandum: Petitioner father appeals from an order denying his motion to vacate an amended order entered upon his default. The amended order granted respondent mother sole legal and physical custody of the parties' children and permanently terminated all of the father's prior custodial and visitation rights. We note that, although the determination of the father's motion was in fact contained in a letter, no order was entered thereon. We further note however, that the Referee filed the letter with the Family Court Clerk and that the letter resolved the motion and advised the father that he had a right to appeal. Thus, by an order of this Court entered December 3, 2008 in connection with the mother's motion to dismiss this appeal, we determined that the letter would be treated as an order (*cf. Kuhn v Kuhn*, 129 AD2d 967 [1987]).

We conclude that the Referee erred in denying the father's motion. The father resides in California, and he asserted in an affidavit in support of his motion that he failed to appear on the date scheduled for trial because he relied upon the representation of his attorney that the trial had been adjourned. The father's attorney was suspended from practice for misconduct, however, including misconduct in failing to appear at the trial of this matter despite the Referee's denial of his request for an

adjournment (*Matter of Williams*, 62 AD3d 130, 131 [2009]). The father further asserted that the mother has denied him access to their children. We note the "strong public policy in favor of resolving cases on the merits" (*Orwell Bldg. Corp. v Bessaha*, 5 AD3d 573, 574 [2004], *appeal dismissed* 3 NY3d 703 [2004]), and we conclude under the circumstances of this case that the Referee abused his discretion in denying the father's motion. Present—Scudder, P.J., Centra, Fahey, Green and Gorski, JJ.