Nicol v Nicol (2020 NY Slip Op 00740)





Nicol v Nicol


2020 NY Slip Op 00740


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


873 CA 19-00006

[*1]PATRICK A. NICOL, PLAINTIFF-APPELLANT,
v
TARA M. NICOL, DEFENDANT-RESPONDENT. 






WENDY S. SISSON, GENESEO, FOR PLAINTIFF-APPELLANT. 


 Appeal from an order (denominated decision) of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered April 26, 2018 in a divorce action. The order denied plaintiff's motion to, inter alia, enforce certain terms of the parties' separation and settlement agreement, and for attorney's fees. 
It is hereby ORDERED that the order so appealed from is modified on the law by vacating those parts denying the motion insofar as it sought a downward modification of plaintiff's child support obligation with respect to the health insurance premiums and insofar as it sought attorney's fees, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff appeals from a decision denying his motion seeking, in effect, a downward modification of his child support obligation, enforcement of certain terms of the parties' separation and settlement agreement (agreement), and attorney's fees. As a preliminary matter, although not raised by the parties and although "[n]o appeal lies from a mere decision" (Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]; see generally CPLR 5501 [c]; 5512 [a]), we conclude that the paper appealed from meets the essential requirements of an order, and we therefore treat it as such (see Matter of Louka v Shehatou, 67 AD3d 1476, 1476 [4th Dept 2009]).
On appeal, plaintiff contends that defendant breached the agreement by failing to immediately make payment on a jointly held student loan and that Supreme Court erred in failing to award him damages for the alleged breach. Plaintiff's motion insofar as it sought enforcement of the agreement, which was incorporated but not merged in the parties' judgment of divorce, appears to have been made pursuant to Domestic Relations Law § 244, which is not the proper procedure for seeking such damages (see generally Thompson v Lindblad, 125 AD2d 460, 460-461 [2d Dept 1986]). Instead, the proper procedure "would be the commencement of a plenary action" (Petritis v Petritis, 131 AD2d 651, 653 [2d Dept 1987]). Thus, we do not address the merits of plaintiff's contention (see generally Anonymous v Anonymous, 27 AD3d 356, 360-361 [1st Dept 2006]; Thompson, 125 AD2d at 460-461; Barratta v Barratta, 122 AD2d 3, 5 [2d Dept 1986]).
Plaintiff also contends that the court erred in summarily denying the motion insofar as it sought a downward modification of his child support obligation with respect to the health insurance premiums. We agree. As an initial matter, the court erred in denying the motion to that extent on the ground that plaintiff had, in effect, implicitly waived his right to seek a downward modification by failing to take remedial action after defendant informed him of the cost increase for the children's health insurance premiums. It is well settled that a waiver " should not be lightly presumed' and must be based on a clear manifestation of intent' to relinquish" a known right (Auburn Custom Millwork, Inc. v Schmidt & Schmidt, Inc., 148 AD3d 1527, 1531 [4th Dept 2017], quoting Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]; see also Matter of McManus v Board of Educ. of Hempstead Union Free School Dist., 87 NY2d 183, 189 [1995]; Ferraro v Janis, 62 AD3d 1059, 1060 [3d Dept 2009]). We conclude that plaintiff's inaction here did not constitute a waiver inasmuch as [*2]"inaction or silence . . . cannot constitute a waiver" (Coniber v Center Point Transfer Sta., Inc., 137 AD3d 1604, 1607 [4th Dept 2016]; see Agati v Agati, 92 AD2d 737, 737 [4th Dept 1983], affd 59 NY2d 830 [1983]; Matter of Hinck v Hinck, 113 AD3d 681, 683 [2d Dept 2014]).
We further conclude that plaintiff was entitled to a hearing on that part of his motion seeking a downward modification of child support inasmuch as he made a prima facie showing of a substantial change in circumstances (see Isichenko v Isichenko, 161 AD3d 833, 834-835 [2d Dept 2018]; Bergman v Bergman, 84 AD3d 537, 540 [1st Dept 2011]; Schelter v Schelter, 159 AD2d 995, 996 [4th Dept 1990]; see generally Domestic Relations Law § 236 [B] [9] [b] [1]). Indeed, plaintiff submitted evidence establishing that his 50% share of the health insurance premiums had increased from $50.15 per week to $113.00 per week, which amounted to nearly 18% of his gross income. We therefore modify the order by vacating that part denying plaintiff's motion insofar as it sought a downward modification of his child support obligation with respect to the health insurance premiums, and we remit the matter to Supreme Court for a hearing on that part of plaintiff's motion.
In light of that determination, we also agree with plaintiff that the court erred in summarily denying that part of his motion seeking attorney's fees. We therefore further modify the order by vacating that part denying the motion with respect to attorney's fees, and we remit the matter to Supreme Court to determine that part of plaintiff's motion (see Cavallaro v Cavallaro [appeal No. 2], 278 AD2d 812, 812 [4th Dept 2000], lv dismissed 96 NY2d 792 [2001]).
We have reviewed plaintiff's remaining contention and conclude that it lacks merit.
All concur except DeJoseph, J., who dissents and votes to dismiss in accordance with the following memorandum: I disagree with the majority's decision to treat the decision appealed from as an order. I therefore dissent and would dismiss the appeal.
In 1987, this Court held that "[n]o appeal lies from a mere decision" (Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]). In reaching that conclusion, we relied on, inter alia, CPLR 5512 (a), titled "appealable paper," which provides that "[a]n initial appeal shall be taken from the judgment or order of the court of original instance." Until today, we have routinely followed that settled principle (see Matter of Town of Leray v Village of Evans Mills, 161 AD3d 1593, 1593 [4th Dept 2018]; Infarinato v Rochester Tel. Corp., 158 AD3d 1063, 1063 [4th Dept 2018]; Boulter v Boulter [appeal No. 1], 147 AD3d 1512, 1512 [4th Dept 2017]; O'Reilly-Morshead v O'Reilly-Morshead, 147 AD3d 1562, 1562 [4th Dept 2017]; Eddy v Antanavige, 126 AD3d 1403, 1403 [4th Dept 2015]; Meenan v Meenan, 103 AD3d 1277, 1277-1278 [4th Dept 2013]; Partners Trust Bank v State of New York [appeal No. 1], 90 AD3d 1514, 1514 [4th Dept 2011]; Knope v Knope, 77 AD3d 1320, 1321 [4th Dept 2010]; Plastic Surgery Group of Rochester, LLC v Evangelisti, 39 AD3d 1265, 1266 [4th Dept 2007]; Pecora v Lawrence, 28 AD3d 1136, 1137 [4th Dept 2006]; Matter of Baker v Baker-Kelly, 24 AD3d 1263, 1263 [4th Dept 2005]; Matter of Viscomi v Village of Herkimer, 23 AD3d 1048, 1048 [4th Dept 2005]; Darien Lake Theme Park & Camping Resort, Inc. v Contour Erection & Siding Sys., Inc., 21 AD3d 1280, 1280 [4th Dept 2005]; State of New York v Newell, 15 AD3d 880, 880 [4th Dept 2005]; Matter of Amanda G., 281 AD2d 954, 954 [4th Dept 2001]; Cook v Komorowski, 273 AD2d 924, 924 [4th Dept 2000]; Kreutter v Goldthorpe, 269 AD2d 870, 870 [4th Dept 2000]; Kulp v Gannett Co., 259 AD2d 970, 970 [4th Dept 1999]). We have not been alone in applying the legal principle that no appeal lies from a decision. Indeed, all of the other Departments of the Appellate Division, as well as the Court of Appeals, have applied the same (see Matter of Sims v Coughlin, 86 NY2d 776, 776 [1995]; Gunn v Palmieri, 86 NY2d 830, 830 [1995]; Aurora Loan Servs., LLC v Revivo, 175 AD3d 622, 622 [2d Dept 2019]; Ryals v New York City Tr. Auth., 104 AD3d 519, 519 [1st Dept 2013]; DD & P Realty, Inc. v Robustiano, 68 AD3d 1496, 1497 n [3d Dept 2009]).
Here, the record includes a decision that is denominated only as a decision and has no ordering paragraphs and, in his notice of appeal, plaintiff explicitly appeals "from the Decision" (emphasis added). My colleagues in the majority believe that the decision is an appealable paper because it meets "the essential requirements of an order." To support that proposition, the majority relies on Matter of Louka v Shehatou (67 AD3d 1476 [4th Dept 2009]), wherein this Court determined that a letter would be treated as an order inasmuch as "the Referee filed the letter with the Family Court Clerk and . . . the letter resolved the motion and advised the father [*3]that he had a right to appeal" (id. at 1476). Although the decision here was filed and resolved the motion, there was no directive in the decision that plaintiff had the right to appeal from it. Furthermore, I submit that almost all written decisions at least attempt to resolve the issues presented by the parties and many of those decisions are also filed.
Thus, it seems as though the law in the Fourth Department has now effectively changed. Indeed, under the majority's determination, an appeal may lie from a mere decision if it was filed and if it resolved the issues presented by the parties, the appealable paper no longer needs to be labeled as an order and it no longer needs any ordering paragraphs, and the appellant can still appeal even if he or she refers to the paper on appeal as a "decision" in the notice of appeal.
In conclusion, I cannot join my colleagues in adopting and applying this "essential requirements" standard inasmuch as CPLR 5512 (a) is clear in its directive that an appealable paper is defined either as an order or a judgment, not a decision that has some elements of an order. 
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court