Downstairs Cabaret, Inc. v Wesco Ins. Co. (2020 NY Slip Op 05637)





Downstairs Cabaret, Inc. v Wesco Ins. Co.


2020 NY Slip Op 05637


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


607 CA 19-02071

[*1]DOWNSTAIRS CABARET, INC., PLAINTIFF-RESPONDENT,
v
WESCO INSURANCE COMPANY, DEFENDANT-APPELLANT. 






MOUND COTTON WOLLAN & GREENGRASS LLP, NEW YORK CITY (KEVIN F. BUCKLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from an order (denominated decision) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered February 20, 2019. The order denied the motion of defendant for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint insofar as it seeks to recover for actual loss of business income is dismissed.
Memorandum: Plaintiff commenced this breach of contract action contending, inter alia, that defendant was required pursuant to the terms of its insurance contract with plaintiff to pay for damage to plaintiff's property caused by flooding and for plaintiff's loss of business income. Defendant appeals from a decision denying its motion for partial summary judgment dismissing plaintiff's claim to recover its actual loss of business income on the grounds that the insurance contract was ambiguous and that issues of fact exist whether defendant is estopped from denying business income coverage. As a preliminary matter, although "[n]o appeal lies from a mere decision" (Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]; see generally CPLR 5501 [c]; 5512 [a]), we conclude that the paper appealed from meets the essential requirements of an order (see Nicol v Nicol, 179 AD3d 1472, 1473 [4th Dept 2020]). We therefore treat it as such (see id.), and we reverse.
"An insurance agreement is subject to principles of contract interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015]). "As with the construction of contracts generally, 'unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the
court' " (Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177 [2008]). "Whether a contractual term is ambiguous must be determined by looking within the four corners of the document and not to extrinsic sources" (Slattery Skanska Inc. v American Home Assur. Co., 67 AD3d 1, 14 [1st Dept 2009]). "Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent" (Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]), or where its terms are subject to more than one reasonable interpretation (see generally Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]).
We agree with defendant that the insurance contract unambiguously does not include coverage for actual loss of business income. The contract provides coverage "as described and limited" for certain categories of loss "for which a Limit Of Insurance is shown in the Declarations." Actual loss of business income, however, is neither described nor limited by the declarations. Thus, there is no actual loss of business income coverage "by reason of 'lack of inclusion' " (Zappone v Home Ins. Co., 55 NY2d 131, 137 [1982]), and "the policy as written could not have covered the liability in question under any circumstances" (id. at 134; see Black Bull Contr., LLC v Indian Harbor Ins. Co., 135 AD3d 401, 403 [1st Dept 2016]).
We agree with defendant's further contention that it is not estopped from denying coverage. "Where, as here, there is no coverage under the policy, the doctrines of waiver and estoppel may not operate to create such coverage" (Charlestowne Floors, Inc. v Fidelity & Guar. Ins. Underwriters, Inc., 16 AD3d 1026, 1027 [4th Dept 2005]; see generally Merchants Mut. Ins. Group v Travelers Ins. Co., 24 AD3d 1179, 1182 [4th Dept 2005]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court