Matter of Silas W. (2022 NY Slip Op 04506)

Matter of Silas W.

2022 NY Slip Op 04506

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

534 CAF 21-00808

[*1]IN THE MATTER OF SILAS W., SIRE W., CHARLES W., JR., HARMONY W. AND CHARLYS W.  ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; NATASHA W., RESPONDENT-APPELLANT.

ANDREW T. COYLE, SYRACUSE, FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (ERIN WELCH FAIR OF COUNSEL), FOR PETITIONER-RESPONDENT. 
WALTER J. BURKARD, MANLIUS, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered May 25, 2021 in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to Family Court Act article 10, seeking a determination that respondent mother neglected the subject children based on the conditions of the mother's home and allegations that one of the children had fallen out of a window after the mother left the children unsupervised. The mother contends that Family Court erred in granting the petition. We agree.
As a threshold matter, petitioner contends that the appeal must be dismissed on the ground that no appeal lies from a decision. We reject that contention. The paper appealed from meets the essential requirements of an order and we therefore treat it as such (see Downstairs Cabaret, Inc. v Wesco Ins. Co., 187 AD3d 1642, 1643 [4th Dept 2020]; Nicol v Nicol, 179 AD3d 1472, 1473 [4th Dept 2020]; see generally CPLR 2219 [a]). We note that Family Court Act § 1112 (a) provides that an appeal from an intermediate order in a neglect proceeding "may be taken as of right" and, here, the right to appeal from the intermediate order has not terminated inasmuch as there has been no subsequent entry of an order of disposition (cf. Matter of Anthony W. [Anthony W.], 200 AD3d 1596, 1596 [4th Dept 2021]).
With respect to the merits, we agree with the mother that petitioner failed to establish that the mother neglected the children. A party seeking to establish neglect "must establish by a preponderance of the evidence, first, that [the] child[ren's] physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child[ren] with proper supervision and guardianship" (Matter of Balle S. [Tristian S.], 194 AD3d 1394, 1394-1395 [4th Dept 2021], lv denied 37 NY3d 904 [2021] [internal quotation marks omitted]; see Family Ct Act § 1012 [f] [i]; Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Whether "any impairment, actual or imminent, . . . [is] a consequence of the parent's failure to exercise a minimum degree of parental care . . . is an objective test that asks whether a reasonable and prudent parent [would] have so acted or failed to act, under the circumstances" (Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278 [4th Dept 2014] [internal quotation marks omitted]; see Nicholson, 3 NY3d at 370). Although "[a]n isolated accidental injury may constitute neglect if the parent was aware of [*2]the intrinsic danger of the situation" (Matter of James HH., 234 AD2d 783, 784 [3d Dept 1996], lv denied 89 NY2d 812 [1997]), here, there was nothing intrinsically dangerous about leaving two of the children to eat and watch television while the mother was in the bathroom with the door open (cf. Matter of Jarrett SS. [Jade TT.—Scott SS.], 183 AD3d 1031, 1034-1035 [3d Dept 2020]; Matter of Tylasia B. [Wayne B.], 72 AD3d 1074, 1075 [2d Dept 2010], lv denied 15 NY3d 713 [2010]; Matter of Victoria CC., 256 AD2d 931, 933 [3d Dept 1998]). The record establishes that the mother knew that one of her children was sometimes aggressive towards his younger siblings, but there is no evidence in the record that she was aware that he may open a locked window, remove the screen, and drop his sibling from a height of two stories (cf. Raven B., 115 AD3d at 1279). In making that determination, we note that the window involved in the incident was not deemed dangerous by a caseworker during a home visit less than a month before the incident.
We further conclude that petitioner's evidence regarding the hygiene of the children and the condition of the apartment, which petitioner's caseworker testified met "minimal standards," was not sufficient to establish neglect (see Family Ct Act § 1012 [f] [i] [A]; cf. Raven B., 115 AD3d at 1280). Further, although a "finding of neglect may be entered where, though [being] financially able to do so or offered financial or other reasonable means to do so, a parent fails to provide the child[ren] with adequate clothing and basic medical care" (Matter of Annastasia C. [Carol C.], 78 AD3d 1579, 1580-1581 [4th Dept 2010], lv denied 16 NY3d 708 [2011] [internal quotation marks omitted]), here, "[n]o evidence was presented at the
fact-finding hearing concerning the financial status of the mother" (id. at 1581).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court