Matter of Mea V. (Brandon V.) (2022 NY Slip Op 06351)

Matter of Mea V. (Brandon V.)

2022 NY Slip Op 06351

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

705 CAF 21-00720

[*1]IN THE MATTER OF MEA. ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BRANDON V., RESPONDENT-APPELLANT. (APPEAL NO. 2.)

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
DANA A. GRABER, ALBION, FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Orleans County (Sanford A. Church, J.), entered April 15, 2021 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, continued the placement of the subject child with petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother and respondent father each appeal in appeal No. 1 from an order entered after a fact-finding hearing which found, inter alia, that respondents abused and neglected the subject child. In appeal No. 2, the father appeals from an order of disposition with respect to him that continued the child's placement with petitioner. As a preliminary matter, respondents' right of direct appeal from the fact-finding order in appeal No. 1 terminated with the subsequent entry of the orders of disposition, and we therefore dismiss appeal No. 1 (see Matter of Anthony W. [Anthony W.], 200 AD3d 1596, 1596 [4th Dept 2021]). The father's appeal from the order of disposition in appeal No. 2 brings up for review the propriety of the order in appeal No. 1 (see Matter of Bryleigh E.N. [Derek G.], 187 AD3d 1685, 1685 [4th Dept 2020]; Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]). We exercise our discretion to treat the mother's notice of appeal from the fact-finding order in appeal No. 1 as a valid notice of appeal from the order of disposition pertaining to her in appeal No. 3 (see generally CPLR 5520 [c]; Matter of Threet v Threet, 79 AD3d 1743, 1743 [4th Dept 2010]).
Respondents contend that they rebutted the presumption of parental culpability and that petitioner thus failed to meet its burden of showing that respondents abused or neglected the subject child. A prima facie case of child abuse or neglect may be established by evidence that a child sustained an injury that would ordinarily not occur absent an act or omission of respondents and that respondents were the caretakers of the child at the time the injury occurred (see Family Ct Act § 1046 [a] [ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]). Although the burden of proof rests with the petitioner, once the petitioner "has established a prima facie case, the burden of going forward shifts to respondents to rebut the evidence of parental culpability" (Philip M., 82 NY2d at 244). To rebut the presumption of parental culpability, the respondents may present evidence to "(1) establish that during the time period when the child was injured, the child was not in respondent[s'] care
. . . ; (2) demonstrate that the injury or condition could reasonably have occurred accidentally, without the acts or omission of respondent[s] . . . ; or (3) counter the evidence that the child had the condition which was the basis for the finding of injury" (id. at 244-245). In determining whether to rely on the presumption, "the court should consider such factors as the strength of the prima facie case and the credibility of the witnesses testifying in support of it, the nature of the [*2]injury, the age of the child, relevant medical or scientific evidence and the reasonableness of the caretaker[s'] explanation in light of all the circumstances" (id. at 246).
Here, respondents do not dispute they were exclusively responsible for the child's care at all relevant times, but they contend that they rebutted the presumption of parental culpability by providing a reasonable explanation for how the child's injuries could have occurred without any act or omission on their part. We reject that contention. Respondents originally claimed to the pediatrician and the Child Protective Services caseworker that the child's injuries, which included 28 rib fractures and an injured lung, were accidental, but none of the medical evidence supported that claim. We conclude that Family Court properly rejected respondents' subsequent claim at trial that the injuries were due to an underlying medical condition: the testimony of respondents' expert witnesses was incredible and their conclusions were not consistent with the other evidence (see Matter of Peter R., 8 AD3d 576, 579-580 [2d Dept 2004], lv dismissed 4 NY3d 739 [2004]). We reject the mother's contention on her appeal that the court accorded too much weight to the testimony of petitioner's three experts and improperly discredited respondents' experts. The record supports the court's determination that the testimony of petitioner's three expert medical witnesses was based on credible evidence despite the fact that the testimony differed from that of respondents' medical experts. We therefore see no basis to disturb the court's assessment of the expert testimony (see Matter of Charity M. [Warren M.] [appeal No. 2], 145 AD3d 1615, 1616-1617 [4th Dept 2016]; see also Matter of Robert A. [Kelly K.], 109 AD3d 611, 613 [2d Dept 2013]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court