Matter of Buffalo City Cemetery, Inc. v 215 Lot Owners and/or Next-of-Kin for Decedents Interrred at St. Matthew's Cemetery (2024 NY Slip Op 02435)

Matter of Buffalo City Cemetery, Inc. v 215 Lot Owners and/or Next-of-Kin for Decedents Interrred at St. Matthew's Cemetery

2024 NY Slip Op 02435

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

244 CA 23-00089

[*1]IN THE MATTER OF BUFFALO CITY CEMETERY, INC., ALSO KNOWN AS FOREST LAWN, PETITIONER-RESPONDENT,
v
215 LOT OWNERS AND/OR NEXT-OF-KIN FOR DECEDENTS INTERRRED AT ST. MATTHEW'S CEMETERY, RESPONDENTS-APPELLANTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from a decision of the Supreme Court, Erie County (Dennis E. Ward, J.), entered November 30, 2022. The decision granted the petition for approval of the relocation of graves. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this proceeding pursuant to Not-for-Profit Corporation Law § 1510 (e), respondents appeal from a decision granting petitioner's request for a judgment approving, nunc pro tunc, the relocation of 215 graves within its cemetery in West Seneca. It is well settled, however, that "no appeal lies from a decision" (Gunn v Palmieri, 86 NY2d 830, 830 [1995]; see CPLR 5512 [a]; Garcia v Town of Tonawanda, 194 AD3d 1479, 1479-1480 [4th Dept 2021]; Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]). Although respondents ask us to treat the decision as a judgment and thereby entertain their appeal, we lack discretion to do so inasmuch as the decision from which they appeal lacks the essential requirements of a judgment (see generally Nicol v Nicol, 179 AD3d 1472, 1473 [4th Dept 2020]). We therefore dismiss the appeal without addressing the merits of respondents' contentions.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court