Matter of Rebecca F. (Danequea J.) (2025 NY Slip Op 00042)

Matter of Rebecca F. (Danequea J.)

2025 NY Slip Op 00042

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. NN-08146-48/20, NN-08147/20, NN-08148/20 Appeal No. 3391-3391A Case No. 2022-01541 

[*1]In the Matter of Rebecca F. and others, Children Under Eighteen Years of Age, etc., Danequea J., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Marion C. Perry, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Elina Druker of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child Rebecca F.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children Darling B. and William T.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about April 4, 2022, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 14, 2022, which, after a hearing, found that respondent mother neglected the subject children, unanimously reversed, on the law and the facts, without costs, the finding of neglect vacated, the petitions dismissed, and the appeal from the dispositional portion of the order dismissed as academic. Appeal from the reminder of the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The petition alleged neglect based on a single incident that occurred during the COVID-19 pandemic, when the mother, a single parent at home with three children, established a daily schedule that included an afternoon nap. While the mother was napping, the mother's then seven-year-old daughter accidentally caused her younger brother to be burned when she was playing with a candle or stick. The mother then called the daughter's counselor, who called the police. Later, when the mother was outside the building with the police, she became angry and had an argument with one of the officers when she was not allowed back into the apartment briefly to retrieve certain items, including a cell phone charger.
Petitioner failed to show by a preponderance of the evidence that a minor accident involving two of the children while the mother was napping constituted neglect. The agency's proof that the brother had a minor injury to his neck after an isolated incident did not establish that the child's mental or emotional condition was impaired or in imminent danger of being impaired as a result of the incident, or that the mother failed to exercise a minimum degree of care (see Nicholson v Scoppetta, 3 NY3d 357, 358 [2004]; see also Matter of Alachi [Shelby J.], 215 AD3d 1014, 1015 [3d Dept 2023]). Indeed, the brother was without any visible injury shortly after the incident. Nor did the incident cause any impairment or imminent danger to the daughter or to the baby, who was asleep in the next room. Although an isolated accidental injury may constitute neglect if the parent was aware of an intrinsically dangerous situation (see Matter of Silas W. [Natasha W.], 207 AD3d 1234, 1235 [4th Dept 2022]), there is no evidence that the mother's napping while the children were in close proximity and within earshot was intrinsically dangerous.
Similarly, Family Court's finding that the mother's interaction with the police in any respect rose to the level of neglect is not supported by a preponderance of the evidence. A verbal argument with a police officer did not pose any serious or potentially serious harm to the infant child, who was the only child with her at that time (see Matter of Kingston T. [Diamond T.], 209 AD3d 743, 745 [2d Dept 2022]). Furthermore, contrary to the court's finding, there were no exigent circumstances [*2]preventing the mother from returning to the apartment to retrieve necessary items.
In view of the foregoing, the appeal from the dispositional order has been rendered academic (see Matter of Shaun B., 55 AD3d 301, 302 [1st Dept 2008], lv denied 11 NY3d 715 [2009]). That portion of the appeal is also moot, as the order of disposition has expired and the children have been released to the mother (see Matter of Adam T. [Artur T.], 186 AD3d 1179, 1180 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025