Matter of Jayron J. (Ronecia H.) (2026 NY Slip Op 01639)

Matter of Jayron J. (Ronecia H.)

2026 NY Slip Op 01639

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

31 CAF 24-02054

[*1]IN THE MATTER OF JAYRON J., JAYAIRE J., JAYDEN J., AND JAYLEN J. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
andRONECIA H., RESPONDENT-APPELLANT. (APPEAL NO. 2.)

CAITLIN M. CONNELLY, BUFFALO, FOR RESPONDENT-APPELLANT.
JULIE VILJOEN, BUFFALO, FOR PETITIONER-RESPONDENT.

 Appeal from an order of the Family Court, Erie County (Shannon E. Filbert, J.), dated December 6, 2024, in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject children in the custody of petitioner. 
It is hereby ED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals in appeal No. 1 from a decision determining, inter alia, that she and the uncle abused one of her twin sons (child) and derivatively abused her other three children. In appeal No. 2, the mother appeals from a dispositional order placing the children in the custody of petitioner.
As a preliminary matter, assuming, arguendo, that the paper appealed from in appeal No. 1 met the essential requirements of an order and we treated it as such (see Matter of Silas W. [Natasha W.], 207 AD3d 1234, 1234 [4th Dept 2022]; Downstairs Cabaret, Inc. v Wesco Ins. Co., 187 AD3d 1642, 1643 [4th Dept 2020]; Nicol v Nicol, 179 AD3d 1472, 1473 [4th Dept 2020]; see generally CPLR 2219 [a]), we conclude that the mother's right of direct appeal from the fact-finding order in appeal No. 1 terminated with the subsequent entry of the order of disposition, and we therefore dismiss appeal No. 1 (see Matter of Mea V. [Brandon V.], 210 AD3d 1408, 1408 [4th Dept 2022]).
Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of [the] respondent[ ], and (2) that [the] respondent[ was a] caretaker[ ] of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Matter of Grayson R.V. [Jessica D.] [appeal No. 2], 200 AD3d 1646, 1648 [4th Dept 2021], lv denied 38 NY3d 909 [2022]). Once the petitioner "establishe[s] a prima facie case, the burden of going forward shifts to respondent[ ] to rebut the evidence of parental culpability" (Philip M., 82 NY2d at 244; see generally Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]).
We conclude that petitioner established that the child suffered numerous injuries, including a subdural hematoma, retinal hemorrhaging, and various bruises, that would not ordinarily occur absent an act or omission of the mother (see Matter of Kevin V. [Sarah L.], 229 AD3d 1159, 1160 [4th Dept 2024]; Grayson R.V., 200 AD3d at 1646; see generally Philip M., 82 NY2d at 243). Contrary to the mother's contention, although the mother and the uncle were caregivers for the child during the relevant time frame, petitioner's inability to pinpoint the exact [*2]time and date of the child's injuries and to link the cause of those injuries to a specific caregiver, i.e., either the mother or the uncle, is not fatal to the establishment of petitioner's prima facie case of abuse (see Kevin V., 229 AD3d at 1160). We further conclude that the mother failed to rebut the presumption of culpability (see Grayson R.V., 200 AD3d at 1649).
We also conclude that Family Court's finding of derivative abuse of the three other children by the mother is supported by a preponderance of the evidence in the record (see Family Ct Act § 1046 [a] [i]; [b] [i]). The abuse of the child " 'demonstrates such an impaired level of judgment by the [mother] as to create a substantial risk of harm for any child in her care' " (Matter of Dorian C. [Cyncere G.], 233 AD3d 1516, 1519 [4th Dept 2024], lv denied 43 NY3d 904 [2025]; see Matter of Chandler W. [Caitlyn M.], 237 AD3d 1564, 1566 [4th Dept 2025], lv denied 44 NY3d 905 [2025]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court